IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JENNIFER TRAUFLER, | : | Case No. 3:17-cv-379 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| HONORABLE TIMOTHY O'CONNELL, Judge of the Montgomery County Common Pleas Court, | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER GRANTING MOTION TO DISMISS (DOC. 6) AND TERMINATING CASE**

---

This case is before the Court on the Motion to Dismiss (Doc. 6) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendant Timothy O'Connell, a judge on the Montgomery County, Ohio Common Pleas Court ("Judge O'Connell"). The Motion to Dismiss is fully briefed and ripe for review. (Docs. 6-8.) As discussed below, the Court **GRANTS** the Motion to Dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

I. **BACKGROUND**

Plaintiff Jennifer Traufler ("Traufler") brought this case to challenge a discovery order entered by Judge O'Connell in Montgomery County Common Pleas Court, Case No. 2015-cv-3793 (the "State Court Case"). In that case, the Estate of Carolyn Harris ("the Estate") alleges that the Kettering Health Network and other defendants provided

substandard medical care that caused the wrongful death of Ms. Harris. (Doc. 1 at ¶ 4.) Traufler was substituted as Administrator of the Estate after the person originally serving as the Administrator died.

During discovery, the Estate requested that Kettering Health Network produce certain electronic medical records regarding Ms. Harris and her medical care. Kettering Health Network filed a motion for protective order so that it would not have to provide "live access" to those records. After briefing and an oral hearing, Judge O'Connell issued the requested protective order, which relieved Kettering Health Network from having to provide the aforementioned "live access."

In this Court, Traufler seeks a declaration that Judge O'Connell's order violated the Estate's right to electronically maintained Protected Health Information, as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and breached the Estate's constitutional guarantees of equal protection and procedural and substantive due process. (Doc. 1 at ¶ 8-13.)

Judge O'Connell moves to dismiss Traufler's Complaint on three grounds: (1) the Court lacks subject matter jurisdiction to review the actions and decisions of a state court, (2) Judge O'Connell, as a judge of the Montgomery County Common Pleas Court, is entitled to judicial immunity when acting in his official capacity as a Common Pleas Judge, and (3) there is no cause of action for a HIPAA violation. As the Court does not have subject matter jurisdiction over this action, it does not address Judge O'Connell's latter two grounds for dismissal of the Complaint.

## II. ANALYSIS

"The *Rooker-Feldman* doctrine ... stands for the proposition that a party aggrieved by a state-court decision, cannot appeal that decision to a district court, but must instead petition for a writ of certiorari from the United States Supreme Court. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir.2004) (citations omitted). The *Rooker-Feldman* doctrine bars two categories of cases:

> First, when the federal courts are asked to 'engage in appellate review of state court proceedings,' the doctrine necessarily applies ... In determining whether a plaintiff asks for appellate review, [the lower federal courts] look to the relief sought ... or asks the question whether the plaintiff alleges 'that the state court's judgment actively caused him injury [rather than] merely failing to address a preexisting injury....
>
> The second category of cases barred by *Rooker-Feldman* are those which allege an injury that predates a state-court determination, but present issues inextricably intertwined with the claim asserted in the prior state court proceeding.... 'The federal claim is inextricably intertwined with the state-court judgment when the federal claim succeeds only to the extent that the state court wrongly decided the issues before it....'

*DLX, Inc.*, 381 F.3d 516 (citations omitted). Traufler's claims here fall into the first category of cases barred from review under the *Rooker-Feldman* doctrine. She contends that Judge O'Connell reached the wrong decision in his ruling on the motion for protective order and the harm she alleges is the direct result of that ruling. Thus, she is essentially asking this Court conduct an appellate review of Judge O'Connell's ruling, which this Court does not have jurisdiction to do under *Rooker-Feldman*.

In opposition, Traufler argues that the *Rooker-Feldman* doctrine applies only to final appealable orders from a state court, not interlocutory orders such as the discovery order issued by Judge O'Connell. She further argues that the equities weigh in favor of

3

the Court exercising its jurisdiction to consider her claims for declaratory relief. The cases cited by Traufler, however, do not support a conclusion that the Court has jurisdiction over this case, despite the bar imposed by *Rooker-Feldman*. (Doc. 7 at 4-6 (citing *Lance v. Dennis*, 546 U.S. 459, 463 (2006) and *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-93 (2005)).)

In *Lance*, the Supreme Court held that "[t]he Rooker–Feldman doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment." 546 U.S. at 466. Here, Traufler is the plaintiff in both the State Court Case and this case; the holding in *Lance* is inapposite.

In *Exxon Mobile*, the Supreme Court held:

> The *Rooker–Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobile*, 544 U.S. at 284. Exxon Mobile's federal action, which litigated the same matter already pending in state court, was not barred under the *Rooker-Feldman* doctrine because it "brought suit to protect itself in the event it lost in state court on grounds (such as the state statute of limitations) that might not preclude relief in the federal venue." *Id.* at 293-94. In other words, Exxon Mobile brought a parallel federal action to obtain relief that might not be available in state court, not to overturn the state court's

4

decision. The Supreme Court's decision does not stand for the proposition that interlocutory orders from state courts are outside the *Rooker-Feldman* doctrine.

This case falls within the confines of the *Rooker-Feldman* doctrine, even as narrowly defined in *Exxon-Mobile*. It is a case "brought by [a] state-court loser[] complaining of injuries caused by [a] state-court judgment[] rendered before the district court proceedings commenced and inviting district court review and rejection of [that] judgment[]." *Id*. at 284. For this reason, the Court does not have jurisdiction over this case and it must be dismissed.

### III. CONCLUSION

For the reasons above, the Court **GRANTS** Judge O'Connell's Motion to Dismiss (Doc. 6) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. This case shall be **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, February 2, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE